claims was filed in the district court. The pendency of the Granthams' late filed appeal from the *Morgan Linen Service* judgment did not detract from the conclusive effect of that judgment. Prager v. El Paso National Bank, 417 F.2d 1111 (5th Cir. 1969). *See also* 1B J. Moore, Federal Practice ¶ 0.416 [3] (2d ed. 1965). McGraw-Edison did not assert the *Morgan Linen Service* judgment as a bar until March 9, 1970 when it filed its motion to dismiss the Granthams' appeal in the instant case. A party normally may not rely on an estoppel which was available to him in the trial court but which was not raised prior to appeal. *See* West Virginia N. R. R. v. United States, 391 F.2d 627, 636 (Ct.Cl. 1968).

■ We need not rely solely on Mc-Graw-Edison's late assertion of its estoppel defense, for the *Blonder-Tongue* decision was not intended to constitute a wholesale rejection of the mutuality requirement. The holding of *Blonder-Tongue* was that "*Triplett* should be overruled to the extent it forecloses a plea of estoppel by one facing a charge of infringement of a patent that has once been declared invalid." That holding does not reach this case where there has never been a determination of the validity of the Granthams' patents; and we do not believe that this is a proper case for the extension of *Blonder-Tongue's* abrogation of the mutuality requirement to situations where there has not been a prior determination of patent invalidity.

After thorough consideration, we have concluded that the district court made a clear error of law in dismissing the Granthams' complaint. We are not precluded from correcting that error because a similar error in the *Morgan Linen Service* litigation went uncorrected. Had the Granthams been aware of the impending partial abrogation of the mutuality requirement and the possibility that the judgment adverse to them in the *Morgan Linen Service* litigation might be asserted against them by other alleged

infringers not parties to that action, they would undoubtedly have been more diligent in prosecuting their appeal from that judgment.

■ On the record before us, we believe that the application of the doctrine of collateral estoppel to bar the Granthams from presenting their claims would result in manifest injustice. Accordingly, we should not be obliged to apply the doctrine of estoppel even if the mutuality requirement had been met. *See* Restatement of Judgments § 70 (1942).

The petition for rehearing is denied.

## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## WANDA PETROLEUM COMPANY, Respondent.

### No. 31034.

United States Court of Appeals, Fifth Circuit.

June 22, 1971.

Rehearing Denied Aug. 4, 1971.

Marcel Mallet-Prevost, Asst. Gen. Counsel, William R. Stewart, Atty., N.L.R.B., Washington, D. C., Clifford Potter, Director, Region 23, N.L.R.B., Houston, Tex., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, William F. Wachter, Atty., N.L.R.B., Washington, D. C., for petitioner.

I. J. Saccomanno, Charles Kipple, John T. McMahon, Gen. Counsel, Houston, Tex., for respondent; Saccomanno, Clegg, Martin & Kipple, Houston, Tex., of counsel.

Before JOHN R. BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

Pat HUDSON and William Charles Deich, III, Plaintiffs-Appellants,

v.

Joseph WANICK, in his capacity as City Attorney in and for the City of Miami Beach, et al., Defendants-Appellees.

No. 71-1374

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 17, 1971.

Barry L. Halpern, of Engle & Halpern, Miami, Fla., for plaintiffs-appellants.

Leonard Rivkind, Sp. Counsel, City of Miami Beach, Fla., Rosen & Rivkind, Miami Beach, Fla., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The District Court's order dismissing the complaint is affirmed, but modified by striking from the last paragraph thereof the words "with prejudice." The record discloses that the local prosecution was not undertaken in bad faith; also, that while a hearing was held on plaintiff's motion for a temporary restraining order—which was denied—the District Court did not reach the merits of the case, but dismissed the complaint. It was appropriate to dismiss the suit under the principles set forth in the recent and supervening decisions of the Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), and companion cases, but proper disposition requires that the order be modified as noted above. See Star-Satellite, Inc. v. Rosetti, 5 Cir., 1971, 441 F.2d 650; Peoples v. City of Birmingham, 5 Cir., 1971, 440 F.2d 1352; Gordon v. Landrieu, 5 Cir., 1971, 442 F.2d 926.

Affirmed as modified.

John BLAKE, Petitioner-Appellant,

v.

H. H. PRYSE, Warden, Sandstone, Minnesota, Federal Bureau of Prisons, Washington, D. C., Respondent-Appellee.

No. 20600.

United States Court of Appeals, Eighth Circuit.

June 30, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.